UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:12-CR-00230  KGB |
| | ) | |
| KENT HALLUM | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
FOR EARLY TERMINATION OF PROBATION**

The United States of America, by and through Christopher R. Thyer, United States Attorney for the Eastern District of Arkansas, and Patricia S. Harris, Assistant United States Attorney, requests that the Court deny defendant Kent Hallum's motion for early termination of probation.

On September 5, 2012, the defendant waived indictment and pled guilty to a felony information charging him with conspiring to violate the Travel Act, in violation of 18 U.S.C. Section 371.  At that hearing, the defendant admitted to participating in an absentee ballot fraud scheme in which voters were paid bribes of food and alcohol in exchange for absentee ballots voting for the defendant's son for state representative.  On June 20, 2013, the defendant was sentenced to 3 years of probation to include 9 months home confinement, 100 hours of community service, a $10,000 fine, and a $100 special assessment.  According to United States Probation Officer Jason Ade, the defendant has completed his home confinement and community service, and has paid the fine and special assessment.  Officer Ade also reports that the defendant has been in compliance with his other conditions of probation.

Pursuant to 18 U.S.C. § 3564(c), the Court, "after considering the factors set forth in section 3553(a), to the extent they are applicable, may, pursuant to the provisions of the Federal

Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant … at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." The United States asserts that early termination of probation is not warranted in this matter.

As to the factors set forth in 18 U.S.C. § 3553(a), the offense committed by the defendant is a serious offense. The fraud scheme not only affected the outcome of a state election, it undermined the confidence of the public in the integrity of the election process in Arkansas. In addition to reflecting the seriousness of the offense, the sentence should afford adequate deterrence to criminal conduct, protect the public from further crimes, promote respect for the law and provide just punishment. The defendant has completed less than half of his three year probationary sentence. The term of probation in this case promotes respect for the law and deters criminal conduct, as the defendant is required to conform his conduct to the law or risk revocation.

Importantly, the defendant does not explain why early termination would serve the interest of justice, or what hardships are created if probation is not terminated early. Defendant's only justification for early termination is compliance with the terms of his probation. "Mere compliance with the terms of probation does not justify early termination because compliance is expected. Without more, early termination cannot be justified." *United States v. Kattom*, Case No. 4:06CR00053-06 JLH, 2009 WL 3783783, *1 (E.D. Ark. Nov. 10, 2009) (unpublished) (denying motion for early termination of probation because defendant "presented nothing to show that completion of his term of probation will present some unusual hardship" and presented no changed circumstances) (citing *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J.

2003)). *See also United States v. John Michael Glover*, 4:12CR00162 KGB, Docket No. 25 (E.D. Ark. July 29, 2014); *United States v. Nicholas Anthony Norman*, 4:10CR00059 JLH, Docket No. 45 (E.D. Ark. April 22, 2013).

"[T]here is a general agreement that the early termination of probation . . . is only warranted in cases where the defendant demonstrates changed circumstances, such as exceptionally good behavior." *United States v. Caruso*, 241 F. Supp. 2d 466, 468 (D.N.J. 2003) (citing cases) (noting that the defendant was not entitled to a hearing pursuant to Federal Rule of Criminal Procedure 32.1 because the Court did not intend to revoke or modify the probationary sentence originally imposed). The defendant has not set forth any new or exceptional circumstances to justify early termination of supervised release.

Here, the defendant already received a significant benefit by his sentence, as the Court had the statutory authority to impose a term of imprisonment of 5 years. In addition, the calculated guideline range for the defendant was 8 – 14 months imprisonment. At the time of sentencing, the Court concluded that a three year term of probation to include 9 months of home confinement was appropriate considering the factors set forth in 18 U.S.C. § 3553(a), and also considering the 5K motion made by the United States at sentencing. The United States contends that there has been no change in circumstance to alter that determination and requests that the Court deny defendant's motion.

WHEREFORE, the United States respectfully requests that the Court deny the defendant's motion for early termination of probation.

Respectfully submitted,

CHRISTOPHER R. THYER
United States Attorney

By  /s/ *Patricia S. Harris*
PATRICIA S. HARRIS (89208)
Assistant U.S. Attorney
P.O. Box 1229
Little Rock, AR  72203
(501) 340-2600
tricia.harris@usdoj.gov

## Certificate of Service

I hereby certify that on November 21, 2014, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which shall send notification of such filing to counsel for the defendant.

/s/ *Patricia S. Harris*
Patricia S. Harris